**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1853-19

ROBERT BROWER,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted September 20, 2021 – Decided September 23, 2021

Before Judges Fasciale and Firko.

On appeal from the New Jersey Department of Corrections.

Robert Brower, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Raajen V. Bhaskar, Deputy Attorney General, on the brief).

PER CURIAM

Robert Brower, pro se, an inmate at Northern State Prison in Newark, appeals from a September 20, 2019 final decision of the New Jersey Department of Corrections (DOC). An Assistant Superintendent upheld a disciplinary officer's decision finding Brower guilty of prohibited act *.004, fighting with another person, N.J.A.C. 10A:4-4.1(a).[1] For the reasons that follow, we affirm.

On September 17, 2019,[2] at approximately 1:46 p.m., Brower and inmate Charles Clark were observed on camera footage by corrections officers Robert Devol and John Rollar "actively fighting" and "exchang[ing] several punches before other inmates broke them up." Devol and Rollar heard a "commotion" before that while monitoring afternoon recreation. According to Brower, he was in the Bayside Trailer 2 West dayroom waiting to use the phone when Clark claimed he was next and pushed Brower away from the phone. After the two inmates were "identified, separated, and placed in handcuffs," Sergeant Anna Miglio arrived at the scene and questioned them. "[B]oth admitted that they were fighting over whose turn it was to use the phone."

---

[1] "An inmate who commits . . . [a] prohibited act[] shall be subject to disciplinary action . . . imposed by a hearing officer (DHO) . . . . Prohibited acts preceded by an asterisk (*) are considered the most serious . . . ."

[2] Brower incorrectly refers to the date of the incident as September 16, 2019.

Following medical evaluations and clearance for prehearing disciplinary housing, Brower and Clark provided written statements regarding the incident "alluding to a fight over the phones" and were charged with prohibited act *004. Clark stated, "it happen[ed] so fast [I] don't know who . . . hit who first." Brower reported that Clark "shoved [him] with both hands around [his] chest area," and Brower responded by intentionally "air-[swinging]" at Clark. The disciplinary report charging Brower with *.004 was delivered to him the following day, September 18, 2019, by DOC staff. Brower was granted counsel substitute to prepare his defense.

On September 20, 2019, the hearing took place. Brower pled "not guilty" to the charge and presented his defense. He denied a fight occurred with Clark, but rather contended the two engaged in "tussling/horseplay . . . over the phone." Counsel substitute relied on Brower's statements. Brower was granted the opportunity to call Clark as a witness to testify on his behalf but declined the opportunity to do so or to confront and cross-examine adverse witnesses.

Brower was adjudicated guilty of the *.004 charge. He was sentenced to fifteen days' loss of recreational privileges, ninety-one days of administrative segregation, and sixty days' loss of commutation time. DHO C. Ralph, reviewed

A-1853-19

Brower's statement for the record and noted the video was not requested by either inmate.

DHO Ralph found "[t]ussling means there was some physical contact," and "[s]anctions [are] to deter." On September 20, 2019, Brower administratively appealed the DHO's decision and asserted he and Clark "got into an argument about the phone" but . . . "never exchanged any punches." Assistant Superintendent A. Lewis entered a disposition upholding the DHO's decision on September 24, 2019, explaining: "[y]ou were observed on camera engaged in a fight with another inmate. This behavior is disruptive and will not be tolerated. The sanction imposed was proportionate to the offense. No leniency will be afforded to you." This appeal followed.

Brower raises the following issues on appeal:

> **POINT ONE**
>
> THE STATE AGENCY'S ADMINISTRATIVE DECISION WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE IN LIGHT OF THE SUFFICIENT CREDIBLE EVIDENCE PRESENT IN THE RECORD, HAD IGNORED, AND UNDERVALUED SUBSTANTIAL EVIDENCE, ALL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS, DUE PROCESS, STATUTE, AND REGULATION.
>
> A. Introduction.

B.    Evidence Required.

C.    Arbitrary, Capricious, And Unreasonable Decision Making.

## POINT TWO

THE STATE AGENCY'S ADJUDICATION IS INCONSISTENT WITH LAW AND THE POLICIES BEHIND THE LEGISLATION, IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS, DUE PROCESS, STATUTE, AND REGULATION.

## POINT THREE

[BROWER] WAS DENIED HIS FUNDAMENTAL DUE PROCESS RIGHT[S] IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS, DUE PROCESS, STATUTE, AND REGULATION.

A.    [Brower] Was Denied His Right To Attend The Hearing And Offer Evidence.

B.    [Brower] Was Denied The Opportunity To Call A Witness(es) And Present Documentary And Electronic Video Evidence.  In Addition, [Brower] Was Denied The Opportunity To Raise A Self-Defense Claim To The Charges.

C.    [Brower] Was Denied The Opportunity For Confrontation And Cross-Examination Of The [Accuser(s)] And/Or The State's Witness(es).

D.    [Brower] Was Denied His Right To Have The Evidence Relied Upon In Making A Determination Of

5

Guilt Documented In The Adjudication Of Disciplinary Report [F]orm.

E.      The Department's Practices Violate Due Process.

## POINT FOUR

THE STATE AGENCY DENIED [BROWER] OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF SUBSTITUTE COUNSEL, IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS, DUE PROCESS, STATUTE, AND REGULATION.

## POINT FIVE

THE STATE AGENCY'S FACTUAL CONCLUSIONS ARE SO WIDE OFF THE MARK AS TO BE MANIFESTLY MISTAKEN GIVING RISE TO A SENSE OF WRONGNESS, IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS, DUE PROCESS, STATUTE, AND REGULATION.

Our review of final administrative agency decisions is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)). An administrative agency's decision will not be reversed unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)).

A-1853-19

"'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). Nonetheless, we must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

Brower's own waiver of the opportunity to call witnesses does not implicate a due process concern. He had the opportunity to confront and cross-examine witnesses but declined to as evidenced by his counsel substitute's signature on the adjudication report. The DHO conducted the disciplinary hearing in accordance with Title 10A.

Based on case law and our review of the record, the DOC's decision that Brower fought with Clark is supported by substantial, credible evidence. Henry, 81 N.J. at 579-80; see also N.J.A.C. 10A:4-4.1(a). During the proceedings, Brower explained he engaged in nothing more than "tussling/horseplay" with Clark. The video contradicted Brower's report and hearing testimony. Further, our review of Brower's due process concerns shows he was afforded an adequate procedural opportunity to present his defense. Moreover, through his counsel

substitute, Brower acknowledged that the information in the DOC's hearing report accurately reflected what took place at the disciplinary hearing. Brower's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1853-19